15149

BROCKMAN v. BARRY ET AL.

(11 S. E. (2d), 137)

September, 1940.

*Mr. C. Yates Brown,* for petitioner,

*Messrs. Odom, Bostick & Taylor,* and *Luther K. Brice,* for respondents,

October 22, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

Pursuant to a writ of certiorari issued by the Chief Justice, the Court here has under review the proceedings of the Spartanburg County Democratic Executive Committee and its resultant finding whereby the respondent, John M. Barry, was declared the nominee of the party for county supervisor, and the confirmation thereof by the State Executive Committee resulting from its dismissal, after hearing, of petitioner's appeal from the action of the county committee. Petitioner and Barry were the only candidates

for the nomination for this office in the recent primary. The latter's officially declared majority was 582.

The prayer of the petition for the writ recites the ∎ relief sought to be the elimination of the votes cast in the boxes in the City of Spartanburg known as follows: Ward 1, Box 1; Converse Heights, Ward 1, Box 2; Converse Heights, Box 2, and Ward 4, Box 1; the findings of the committees reversed and petitioner declared the nominee. It appears from the record that the exclusion of the votes cast in these boxes would convert the majority of respondent into a minority. The foregoing list of boxes may be inaccurate for there is a longer and somewhat different list in petitioner's printed brief, page 5. However, this discrepancy is unimportant, as will be seen.

The complaint of petitioner as to these boxes is that the managers, whose honesty and good intentions are not impugned, detached the coupons containing the numbers from the printed ballots before giving the latter to the voters for marking and deposit in the boxes, and did not place the ballot numbers on the poll lists opposite the names of the voters, but numbered the latter consecutively, all in violation of Section 2376 of the 1932 Code. However, it does not appear that any voter was challenged on this or other account.

Petitioner's contention in this respect is concluded against him by the decision and the principles announced by this Court in the case of *Killingsworth v. State Executive Committee,* 125 S. C., 487, 118 S. E., 822, 824. There, as here, question was raised as to the disposition of the ballot coupons, but in the instance there under review they were left attached to the ballots and were placed together by the voters in the box. It was held that the further irregularity committed by the managers (as here) in placing numbers opposite the names of the voters on the poll list other than in accord with the numbers on the coupons of the ballots used saved the secrecy of the ballot. Here, as there, there

is no charge of bad faith or fraud in connection with these irregularities; petitioner argues only the possibility of such. There this Court said:

"If these rules and regulations (including statutes of like content—interpolated) are held to be mandatory, and a variation from any one of them fatal to an election, it would be almost impossible to hold a valid election. They must be held to be directory, and in order for a failure to comply with them to be fatal it must be shown that the error was prejudicial or liable to produce prejudice. We have seen that there is nothing in the record to show that the secrecy of the ballot was impaired.

"There is in this case no question of want of good faith or fraud. The objection is to what, in this case, is a mere technical violation of the law."

The record contains affidavits relating other irregularities at other boxes and even fraud in the casting of one vote and the counting of another but in most instances there is no effort to show resulting imposition upon the petitioner, and it appears that because of the few votes involved, if all were against him, there can be no valid contention that the result of the election would be changed by an elimination of them from the count.

It is the settled rule in this State that, quoting from the opinion in *Hyde v. Logan,* 113 S. C., 64, at page 76, 101 S. E., 41, 44, "errors which do not appear to have affected the result will not be allowed to overturn an election, and every reasonable presumption will be indulged to sustain it." See, also, *Davis v. Town of Cayce,* 166 S. C., 372, 164 S. E., 883.

Despite the last-mentioned rule petitioner points out that the total of 18,632 votes tabulated in his contest was less by 339 to 434 than the totals in certain others in the election, and would infer fatal irregularity or fraud therefrom. But the fact of the varying totals of the

votes cast in the different contests is of itself of no consequence. *Hyde v. Logan, supra.*

For the reasons indicated the return of the respondent is adjudged sufficient, the writ discharged, and the actions of the State and County Committees are confirmed.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice L. D. Lide concur.